28 A.3d 667

**Jody Lee MILES**

v.

**STATE of Maryland.**

**No. 120, Sept. Term, 2007.**

Court of Appeals of Maryland.

Sept. 20, 2011.

Robert W. Biddle (C. Justin Brown of Nathans & Biddle, LLP, Baltimore, MD; Ranak K. Jasani, Whiteford, Taylor & Preston, LLP, Baltimore, MD), on brief, for Appellant.

Erika Alsid Short (Chason, Rosner, Leary & Marshall, LLC, Towson, MD), on brief, for Appellant.

James E. William, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for Appellee.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, IRMA S. RAKER (Retired, Specially Assigned), and DALE R. CATHELL (Retired, Specially Assigned), JJ.

MURPHY, J.

In the Circuit Court for Queen Anne's County, a jury convicted Jody Lee Miles, appellant, of first-degree felony murder and related offenses, including robbery with a deadly weapon and use of a handgun in the commission of a crime of violence. That jury thereafter sentenced appellant to death. In *Miles v. State*, 365 Md. 488, 781 A.2d 787 (2001), this Court affirmed appellant's convictions and the sentence of death.

On February 25, 2002, the United States Supreme Court denied appellant's petition for writ of certiorari. *Miles v. Maryland*, 534 U.S. 1163, 122 S.Ct. 1175, 152 L.Ed.2d 118 (2002).

Appellant now argues that he is entitled to a new sentencing hearing on the ground that the jury should have been instructed that a death sentence cannot be imposed unless every juror is persuaded beyond a reasonable doubt that the aggravating circumstances—in appellant's case, that he committed the murder while committing or attempting to commit the crime of robbery with a deadly weapon—outweigh the mitigating circumstances. The Circuit Court rejected that argument. For the reasons that follow, so do we. We shall therefore affirm the denial of appellant's motion to correct an illegal sentence.[1]

## I.

Appellant concedes that nothing about Maryland's capital sentencing procedure violates the Eighth Amendment. That concession is required as a result of *Kansas v. Marsh*, 548 U.S. 163, 126 S.Ct. 2516, 165 L.Ed.2d 429 (2006), in which the United States Supreme Court held that "Kansas' death penalty statute, consistent with the Constitution, may direct imposition of the death penalty when the State has proved beyond a reasonable doubt that mitigators do not outweigh aggravators, including where the aggravating circumstances and mitigating

---

1. The State has moved to dismiss this appeal on the ground that (in the words of its brief), "the Supreme Court case relied upon by Miles in support of his motion to correct an illegal sentence, *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), is a non-capital case that merely reiterates the principles espoused in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). *Cunningham* does not constitute a new judicial interpretation of *Apprendi* and *Ring*[.] " While we agree with the State's interpretation of *Cunningham*, we shall deny the motion to dismiss on the ground that appellant has a right to appellate review of his claim that he is entitled a new sentencing proceeding on the ground that *Cunningham* did establish a Sixth Amendment standard that must be applied retroactively.

circumstances are in equipoise." *Id.* at 173, 126 S.Ct. at 2524. According to appellant, however, his sentence became "illegal" when the United States Supreme Court decided *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). Appellant argues that (1) *Cunningham* rendered invalid—on Sixth Amendment grounds—every state capital sentencing procedure that does not require the jury (or trial judge, if the defendant has waived his or her right to a jury) to find beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating circumstances, and (2) the new standard established in *Cunningham* must be applied retroactively.

*Cunningham* presented only the question of "whether [California's determinate sentencing law] DSL, by placing sentence-elevating factfinding within the judge's province, violates a defendant's right to a trial by jury safeguarded by the Sixth and Fourteenth Amendments." *Id.* 274, 127 S.Ct. at 860. *Cunningham*, however, did not establish the rule that the Sixth Amendment requires that "any fact (other than prior conviction) that increases the maximum penalty for a crime ... be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." The United States Supreme Court first established this rule on March 24, 1999 in *Jones v. United States*, 526 U.S. 227, 243, 119 S.Ct. 1215, 1224, 143 L.Ed.2d 311 (1999). On June 26, 2000, the United States Supreme Court held that "[t]he Fourteenth Amendment commands the same answer in [a] case involving a state statute." *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S.Ct. 2348, 2355, 147 L.Ed.2d 435 (2000). This rule was made applicable to capital cases in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which was decided on June 24, 2002.

The State argues that, because (1) *Ring*—not *Cunningham*—extended the requirements of *Apprendi* to capital sentencing proceedings, and (2) *Ring* does not apply retroactively,[2] *Cunningham* does not entitle appellant—who was

---

**2.** In *Beard v. Banks*, 542 U.S. 406, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004), the United States Supreme Court stated:

sentenced by a jury on March 19, 1998, and whose conviction became "final" on February 25, 2002—to a new sentencing proceeding. In *Evans v. State*, 389 Md. 456, 886 A.2d 562 (2005), this Court stated:

> We acknowledge the State's argument, based on *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) and *Hughes v. State*, 901 So.2d 837 (Fla.2005), that *Ring* is not to be applied retroactively. We need not address that issue in this case, as we shall conclude that, even if *Ring were* applicable, it would provide no relief to Evans. As to Evans's complaint about the evidentiary standard used at the sentencing hearing, it is true, as the State contends, that Evans never raised that issue in the Circuit Court and has therefore failed to preserve it. In order to forestall the inevitable claim that his eminently competent and diligent attorneys rendered Constitutionally deficient performance in not raising that issue, however, we shall address it.

*Id.* at 472, 886 A.2d at 571. As was the situation in *Evans*, we need not determine in the case at bar whether—under Maryland's rule of retroactivity—*Cunningham* and *Ring* apply retroactively to appellant's sentencing proceeding.

## II.

A majority of this Court remains persuaded that, even if *Cunningham* and *Ring* do apply retroactively, appellant is not entitled to a new sentencing hearing. Judge Harrell's majority opinion in *Oken v. State*, 378 Md. 179, 835 A.2d 1105 (2003) includes a thorough analysis of the United States Supreme

---

State convictions are final "for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). *Id.* at 411, 124 S.Ct. at 2510. In *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), the United States Supreme Court squarely held that *"Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review." *Id.* at 358, 124 S.Ct. at 2526.

Court's death penalty jurisprudence, which compel the following conclusions:

As is readily apparent from the opinion of the Court, *Ring* only addresses the eligibility phase of the sentencing process. Those aggravating factors which narrow the class of death-eligible defendants for Eighth Amendment purposes must be found by a proper sentencing authority beyond a reasonable doubt in order to comply with the requirements of the Sixth Amendment. Contrary to the present assertions of *Oken*, *Ring* holds no implications for the selection phase of Maryland's sentencing process. This is emphasized in the concurring opinion of Justice Scalia, joined by Justice Thomas, noting that:

> [t]oday's judgment has nothing to do with jury sentencing. What today's decision says is that the jury must find the existence of the *fact* that an aggravating factor existed. Those States that leave the ultimate life-or-death decision to the judge may continue to do so—by requiring a prior jury finding of aggravating factor in the sentencing phase or, more simply, by placing the aggravating-factor determination (where it logically belongs anyway) in the guilt phase.

*Ring*, 536 U.S. at 612–13, 122 S.Ct. at 2445, 153 L.Ed.2d at 579. That *Ring* is inapplicable to Maryland's death penalty statute is further highlighted by the dissenting opinion of Justice O'Connor, observing that the Majority Opinion effectively identified Colorado, Idaho, Montana, Nebraska, Alabama, Delaware, Florida, and Indiana as the affected States.

\* \* \*

Because the Maryland statute already requires that the finding of the existence of an aggravating circumstance must be made by a jury beyond a reasonable doubt, the Maryland statute is unaffected by the *Ring* holding.

*Id.* at 251–53, 835 A.2d at 1147–48.

Judge Harrell then addressed the argument "that the plain language of the Maryland statute requires that we view the

weighing process as a 'fact finding,' and, thus, subject to *Apprendi.*" *Id.* at 260, 835 A.2d at 1152. Noting that this argument had been made by the "dissenters" in *Borchardt v. State,* 367 Md. 91, 786 A.2d 631 (2001), Judge Harrell stated:

> The dissent in *Borchardt* cited no legislative history or other authority to support its conclusory insights as to legislative intent. That is explained by the fact that no such support exists. A review of the relevant legislative history indicates that neither the Legislature nor the Governor intended the meaning ascribed to the words of the statute by the *Borchardt* dissent.

*Id.* at 261–62, 835 A.2d at 1153. After setting forth a thorough review of the relevant legislative history, Judge Harrell concluded:

> Far from supporting the contentions of the *Borchardt* dissent that weighing was intended to be "a *factual finding* within the meaning of *Apprendi,*" this history reveals exactly the opposite intent. .... As for weighing, the legislative history makes clear that the intention behind supplying a standard at all was an attempt to insure that the statute would be applied in a consistent manner between the various county circuit courts of the State, thus frustrating inconsistencies in application which would violate the post-*Furman* requirements and result in successful Eighth Amendment attacks on the statute.

*    *    *

We also conclude that the Maryland death penalty statute cannot be read to be implicated by *Ring* under any theory of legislative interpretation. The legislative history indicates that the weighing process never was intended to be a component of a "fact finding" process required to narrow the class of death-eligible defendants. Rather, the history shows that the Legislature and Governor understood that the finding of an aggravating circumstance alone performed that *Furman* requirement. Far from being designed to further refine the class of death-eligible defendants, the assignment of a standard to the weighing process was

intended to protect the statute from Constitutional attack by such defendants.

*Id.* at 268–70, 835 A.2d at 1157–58.

*Oken* was cited and quoted with approval by the Supreme Court of Indiana in *Ritchie v. State*, 809 N.E.2d 258 (Ind. 2004), a case in which a defendant who had been sentenced to death argued "that the trial court should have instructed the jury that it must apply a reasonable doubt standard in finding that the State proved that the aggravating circumstances outweigh the mitigating factors." *Id.* at 265. After noting that the Supreme Courts of Delaware,[3] California,[4] Nebraska,[5] and Maryland have held that *Ring* is applicable only to the *eligibility* phase of the sentencing process, the *Ritchie* Court's majority concluded:

> In sum, we conclude that the Indiana Death Penalty Statute does not violate the *Sixth Amendment* as interpreted by *Apprendi* and *Ring*. Once a statutory aggravator is found by a jury beyond a reasonable doubt, the *Sixth Amendment* as interpreted in *Ring* and *Apprendi* is satisfied. Indiana now places the weighing process in the hands of the jury, but this does not convert the weighing process into an eligibility factor. The outcome of weighing does not increase eligibility. Rather, it fixes the punishment within the eligible range. It is therefore not required to be found by a jury under a reasonable doubt standard.

*Id.* at 268.

In *Evans v. State*, 389 Md. 456, 886 A.2d 562 (2005), a majority of this Court yet again refused to award a new sentencing hearing on the ground that the appellant had been sentenced to death by a jury that was instructed to apply the preponderance standard to the issue of whether any aggrava-

---

3. *Brice v. State*, 815 A.2d 314, 322 (Del.2003).

4. *People v. Prieto*, 30 Cal.4th 226, 133 Cal.Rptr.2d 18, 66 P.3d 1123, 1147 (2003).

5. *Nebraska v. Gales*, 265 Neb. 598, 658 N.W.2d 604, 623 (2003).

ting factors outweigh any mitigating factors. Writing for the majority, Judge Wilner stated, "[w]e addressed that precise issue in *Oken v. State, supra,* 378 Md. 179, 835 A.2d 1105 and found no merit in it. Evans has not persuaded us that our decision in *Oken* was wrong, and we therefore confirm it." *Id.* at 483, 886 A.2d at 577.

In *Grandison v. State,* 390 Md. 412, 889 A.2d 366 (2005), a majority of this Court reaffirmed "our prior holdings that Maryland's death penalty statute, which permits the jury to find that aggravating factors outweigh mitigating factors by a preponderance of the evidence, is constitutional under *Apprendi v. New Jersey* [530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ] and *Ring v. Arizona* [536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) ] as previously stated in *Borchardt v. State,* 367 Md. 91, 786 A.2d 631 (2001)." *Id.* at 442, 889 A.2d at 384. Writing for the majority, Judge Battaglia stated:

The issue of whether Maryland Code (1957, 1982 Repl. Vol.), Article 27, Section 413(h) violates due process by permitting the jury to find, by a preponderance of the evidence, that the aggravating factors found by the jury outweigh the mitigating circumstances it finds to exist has been addressed and resolved by this Court on numerous occasions, beginning with *Tichnell v. State,* 287 Md. 695, 729–34, 415 A.2d 830, 848–50 (1980), and ending most recently in *Oken v. State,* 378 Md. 179, 835 A.2d 1105 (2003), *cert. denied,* 541 U.S. 1017, 124 S.Ct. 2084, 158 L.Ed.2d 632 (2004). We have consistently determined that the weighing process based on a preponderance of the evidence does not violate due process.

The actual holding of *Apprendi* is that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, an jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455. In *Ring,* the Supreme Court stated that "[b]ecause Arizona's enumerated aggravating factors operate as 'the functional equivalent of an element of a greater offense,' the Sixth Amendment requires that they

be found by a jury." *Ring*, 536 U.S. at 609, 122 S.Ct. at 2443, 153 L.Ed.2d at 576–77 (internal citations omitted). As we stated in *Oken*, it is clear from the Supreme Court's opinion that *Ring* only applies to the "eligibility phase of the sentencing process." *Oken*, 378 Md. at 251, 835 A.2d at 1147. Thus, those aggravating factors, which serve to narrow the class of death-eligible defendants in compliance with the Eighth Amendment, must be found "by a proper sentencing authority beyond a reasonable doubt in order to comply with the requirements of the Sixth Amendment." *Id.*

\* \* \*

The holding in *Ring* clearly states that it is the finding of an aggravating circumstance, and only the finding of an aggravating circumstance, that results in death-eligibility. Because the Maryland death penalty statute requires that an aggravating circumstance be found by a proper sentencing authority beyond a reasonable doubt, the Maryland statute does not violate the Sixth Amendment requirements most recently stated in *Apprendi* and *Ring*.

Moreover, as we stated in *Borchardt v. State*, 367 Md. 91, 786 A.2d 631 (2001):

Notwithstanding the language in [Article 27,] § 414(e)(3) directing this Court, on appellate review, to determine whether 'the evidence supports the jury's ... finding that the aggravating circumstances outweigh the mitigating circumstances,' the weighing process is not a fact-finding one based on evidence. Mitigating circumstances do not negate aggravating circumstances, as alibi negates criminal agency or hot blood negates malice. The statutory circumstances specified or allowed under § 413(d) and (g) are entirely independent from one another—the existence of one in no way confirms or detracts from another. The weighing process is purely a judgmental one, of balancing the mitigator(s) against the aggravator(s) to determine whether death is the appropriate punishment in the particular case. This is a process that not only traditionally, but quintessentially, is a pure and Constitutionally legiti-

mate sentencing factor, one that does not require a determination to be made beyond a reasonable doubt. *See Gerlaugh v. Lewis,* 898 F.Supp. 1388, 1421–22 (D.Ariz.1995), *aff'd,* 129 F.3d 1027 (9th Cir.1997), *cert. denied,* 525 U.S. 903, 119 S.Ct. 237, 142 L.Ed.2d 195 (1998) (Constitution does not require weighing beyond a reasonable doubt); *State v. Sivak,* 105 Idaho 900, 674 P.2d 396 (1983), *cert. denied,* 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 887 (1984); *Miller v. State,* 623 N.E.2d 403, 409 (Ind.1993) (weighing is a balancing process, not a fact to be proven; reasonable doubt standard does not apply).

*Id.* at 126–27, 786 A.2d at 652. We affirm the reasoning explicated in *Borchardt* that the weighing process is not a fact-finding one deducible from the evidence, but rather is a matter of judgment. *Ring* applies only to the finding of aggravating factors during the eligibility phase of sentencing and does not impact the selection phase of the process. *Oken,* 378 Md. at 259, 835 A.2d at 1152. As we noted in *Oken,* the Supreme Court has consistently held that as long as "there are no undue restraints upon the sentencing authority's ability to consider mitigating circumstances, there are no constitutional requirements regarding the actual act of selection, or regarding the relative weight attached to the factors." *Id.* at 259–60, 835 A.2d at 1152. Therefore, we conclude that the jury's weighing of aggravating and mitigating circumstances under the preponderance of the evidence standard is constitutional.

*Id.* at 438–440, 889 A.2d at 381–83.

In *Borchardt, supra,* after noting that in nine states the reasonable doubt standard was applicable to the "weighing" process in a death penalty case,[6] Judge Wilner stated for a majority of this Court

As individual judges, we might well entertain the personal belief that it would be more fair, or better public policy, for

---

6. 367 Md. at 122 n. 4, 786 A.2d at 649 n. 4.

the jury to apply a reasonable doubt standard in determining that aggravating circumstances outweigh mitigators—to be *that* convinced before sentencing a person to death. That is a judgment for the Legislature to make, however, and, unlike its counterparts in other States, which have legislatively imposed a reasonable doubt standard, the Maryland General Assembly has chosen a different approach—one that we have consistently upheld as Constitutional. To apply *Apprendi* as Borchardt urges would be nothing less than a substitution of our judgment of what the law *ought to be* for what the Legislature has said it *is*. That is not our function.

367 Md. at 128–29, 786 A.2d at 653.

To apply *Ring* and *Cunningham* as appellant urges would be the very same substitution of our judgment for that of the Legislature. For the reasons stated in the above quoted opinions, the majority of this Court remains persuaded that Maryland's capital sentencing procedure does not violate the Sixth Amendment. If our conclusion is incorrect, it can be corrected. As Judge Digges stated for this Court in *Stevenson v. State*, 289 Md. 167, 423 A.2d 558 (1980) (quoting *Anderson v. Baker*, 23 Md. 531, 629 (1865)):

If we err in our conclusions, ... there is a Supreme Court erected expressly for the final adjudication of such questions, where our judgment may be reviewed and corrected, and the rights of the citizen vindicated. To this we ... defer[,] confidant that none will more cordially concur in the result.

*Id.* at 189, 423 A.2d at 570.

**DENIAL OF MOTION TO CORRECT ILLEGAL SENTENCE AFFIRMED; APPELLANT TO PAY THE COSTS.**

BELL, C.J., GREENE and RAKER, JJ., dissent.

RAKER, J., dissenting, joined by BELL, C.J., and GREENE, J.

I would grant appellant's Motion to Correct an Illegal Sentence pursuant to Maryland Rule 4–345 and grant appel-

lant a new sentencing proceeding. I would hold that the portion of § 2–303(i) that appellant now challenges, and that provides that the punishment shall be death if the sentencing authority finds that the aggravating factors outweigh the mitigating factors by a preponderance of the evidence, violates the Sixth Amendment of the United States Constitution and the Maryland Declaration of Rights. I would sever the unconstitutional portion of the statute, require the beyond a reasonable doubt standard to be applied as a matter of law, vacate appellant's sentence of death imposed pursuant to § 2–303(i), and remand for a new sentencing hearing.

Under the circumstances, I rely upon the reasons stated in my previous dissents in the cases of *Oken v. State,* 378 Md. 179, 835 A.2d 1105 (2003), and *Borchardt v. State,* 367 Md. 91, 786 A.2d 631 (2001), and Judge McAuliffe's dissenting and concurring opinion in *Evans v. State,* 304 Md. 487, 539, 499 A.2d 1261, 1288 (1985). I rely also upon the United States Supreme Court cases of *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the state court cases of *People v. Montour,* 157 P.3d 489, 496 (Colo. 2007), *State v. Rizzo,* 266 Conn. 171, 833 A.2d 363, 393 (2003), *Johnson v. State,* 118 Nev. 787, 59 P.3d 450, 460 (2002), *State v. Papasavvas,* 163 N.J. 565, 751 A.2d 40, 75–76 (2000), *State v. Jenkins,* 15 Ohio St.3d 164, 473 N.E.2d 264, 304 (1984), *State v. Odom,* 336 S.W.3d 541, 571 (Tenn.2011), *State v. Lafferty,* 20 P.3d 342, 376 (Utah 2001), and *Olsen v. State,* 67 P.3d 536, 574–75 (Wyo.2003).

I cannot fathom authorizing the imposition of the death penalty based on a determination that death is *"more likely than not"* the appropriate sentence. That is exactly what the plain language of the Maryland Death Penalty statute permits and what the majority of this Court endorses. To me, such a

standard violates the United States Constitution and the Maryland Declaration of Rights.

I am authorized to state that Chief Judge BELL and Judge GREENE join in the views expressed in this dissenting opinion.